IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KENDRICK HARRIS,**

**Plaintiff**

**v.**

**MARIO FENNOY,**

**Defendant.**                                                             No. 05-CV-0101-DRH

### ORDER

**HERNDON, District Judge:**

On February 15, 2005, Kendrick Harris, *pro se*, filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 against the East St. Louis Police, Mario Fennoy and the City of East St. Louis, Illinois (Doc. 1). Harris' complaint alleges that on February 15, 2005, "Officer Fennoy grabbed me at the McDonalds and not let me go turn me loose. He stated that you sued me and I am going to get you!" (Doc. 1, p. 4). Harris also alleges that "Fennoy never ID himself as a police he caught me from behind and grabbed me he was in 'plain clothes.'" (Doc. 1. p. 4). He contends that Fennoy threatened to plant evidence on him and that Fennoy stated that "he set up the felony charge I have on me now." (Doc. 1, p. 5). On April 4, 2005, the Court dismissed the City of East St. Louis and the East St. Louis Police Department as Defendants and allowed Harris to proceed in forma pauperis on his claims against

Fennoy (Doc. 4). Now before the Court are Harris' motions for entry of default (Doc. 11) and oral argument on entry of default and motions for preliminary injunction and temporary restraining order (Doc. 12). Based on the following, the Court denies at this time Harris' motions.

As to request for entry of default, the Court finds that Harris has not properly served Fennoy as required by **FEDERAL RULE OF CIVIL PROCEDURE 4**. It appears from the record that Harris sent via First Class mail Fennoy a copy of the summons and complaint at the East Saint Louis Police Department (Fennoy's place of employment) and prior to that he left a copy of the complaint and discovery when the complaint was filed with Internal Affairs Detective Rick Perry of the East Saint Louis Police Department. First, the Federal Rules of Civil Procedure do not permit service of the summons and complaint by first class, or even certified, mail. **See Fed.R.Civ.P. 4**. Further, the Rules do not allow parties to the lawsuit to serve process themselves. **See Fed.R.Civ.P. 4(c)(2)**. Lastly, the Rules does not allow service to be effected through a co-worker that is not an agent authorized by appointment or law to receive service of process. **See Fed.R.Civ.P. 4(e)(2)**. Moreover, Harris has not demonstrated that Fennoy ever received a copy of the summons and complaint and that Perry is Fennoy's authorized agent. Thus, Harris is not entitled to entry of default at this time. Because the Court concludes that Harris has not properly served Fennoy, the Court also must deny at this time Harris' request for oral argument on the motion for preliminary injunction and temporary

restraining order (Doc. 12).

**IT IS SO ORDERED.**

Signed this 11th day of May, 2005.

<u>/s/    David RHerndon</u>

**United States District Judge**